IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)   XUAN NGUYEN,<br><br>                       Plaintiff,<br><br>v.<br><br>(1)   ALLSTATE INSURANCE COMPANY,<br><br>                       Defendant. | Case No. CIV-17-520-M<br><br>Removed From<br>District Court of Oklahoma County<br>Case No. CJ-2017-1753 |

## NOTICE OF REMOVAL

Defendant, Allstate Property and Casualty Insurance Company ("Allstate"), incorrectly identified as "Allstate Insurance Company" in the Petition, submits its Notice of Removal of the above-styled action to the United States District Court for the Western District of Oklahoma.  This action is now pending in the District Court of Oklahoma County, Oklahoma, as above-captioned, and docketed as number CJ-2017-1753.

As of the filing of this Notice, Allstate has not been served.  However, it has obtained a copy of the Petition and elects to waive service in order to remove this matter to federal court.

Copies of all of the pleadings filed in this action to-date are attached as Exhibit 1.  A copy of the Docket Sheet from the State court action is also attached as Exhibit 2.

Removal from state court is proper as subject matter jurisdiction exists under the diversity statute, 28 U.S.C. § 1332.  The parties are of diverse citizenship. Plaintiff is a citizen of the State of Oklahoma.  (Ex. 1, p. 1, ¶ 1).  Defendant is an Illinois corporation with its principal place of business in Illinois.

Additionally, the requisite amount in controversy, exclusive of interest and costs, is in excess of $75,000.  The United States Supreme Court recently held in *Dart Cherokee Basin Op. Co., LLC v. Owens*, 135 S.Ct. 547, 553-54 (2014) that a notice of removal is governed by the general "notice pleading" standard under Fed.R.Civ.P. 8(a) and evidentiary submissions supporting removal are not required.  According to *Dart*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "need not contain evidentiary submissions."  (*Id*. pp. 551, 554).  In sum, courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading."  (*Id*. p. 553).  *See also*, *Lundahl v. Am. Bankers Ins. Co. of Florida*, 610 Fed.Appx. 734, 736 (10th Cir. 2015) (applying *Dart* and holding notice of removal effective because defendant alleged diversity of citizenship and jurisdictional amount exceeding $75,000); *C&S Roofing and Fencing, LLC v. State Farm Fire and Cas. Co*., 2015 WL 4770857 (W.D. Okla. Aug. 12, 2015) (applying *Dart*, *supra*).

Here, the allegations in Plaintiff's Petition demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs.  First, Plaintiff "prays for judgment against Defendant Allstate in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00)."  (Ex. 1, p. 2, Prayer For Relief).  Additionally, Plaintiff seeks to recover attorney fees.  (*Id*.).  *Miera v. Diaryland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (holding reasonable estimate of attorneys' fees recoverable under state law are to be considered when determining the amount in controversy).  Consequently, the Petition makes it clear that more than $75,000 is in dispute.

The parties to this action are of diverse citizenship and the requisite amount is in controversy. Therefore, the United States District Court for the Western District of Oklahoma has original jurisdiction of this matter under the diversity statute, and Defendant is entitled to have this action removed to federal court.

Respectfully submitted,

s/ RONALD L. WALKER
RONALD L. WALKER, OBA #9295
JERRY D. NOBLIN, JR. OBA #20296
TOMLINSON · MCKINSTRY P.C.
Two Leadership Square, Suite 450
211 North Robinson Ave.
Oklahoma City, Oklahoma 73102
Telephone:  405/606.3370
Facsimile:   877/917.1559
ronw@TMOKlaw.com
jerryn@TMOKlaw.com
*Attorneys for Defendant Allstate Property and Casualty Insurance Company*

## **CERTIFICATE OF SERVICE**

☑   I hereby certify that on May 4, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel M. Delluomo, OBA #11810
DELLUOMO & CROW, P.A.
6812 N. Robinson Ave.
Telephone: (405) 843-0400
Facsimile: (405) 843-5005

            s/ RONALD L. WALKER